**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:** | **CASE NO. 13-04005 BKT** |
| | **Chapter 7** |
| **19 MEDIA PUBLICATIONS CORPORATION DBA CACHET** | |
| **Debtor** | |
| **ANNELISE LÓPEZ DE VICTORIA, et al.** | **Adversary No. 13-00228 BKT** |
| **Plaintiffs** | |
| **vs.** | |
| **19 MEDIA PUBLICATIONS CORPORATION, et al.** | |
| **Defendants** | **FILED & ENTERED ON 5/29/2014** |

**OPINION AND ORDER**

Before this court is a Motion to Dismiss pursuant to Fed. R. Bankr. P. 7012(b), Fed. R. Civ. P. 12(b)(1) and (6) filed by Co-Defendants, Cristina Gil de Rubio and Matias Gil de Rubio (collectively "Defendants") [Dkt. No. 19], Plaintiff's Opposition to Co-Defendants' Motion to Dismiss filed by Anelisse López De Victoria, App Technology Service, Alayón Engineering Services, Inc., Zoraida Cabrera, Jaime Caraballo Martinez, Humberto Valentín, Neptuno Networks, Accounting Solutions & Tax Consultants, P.S.C. and Martha Candelario dba as Gabriel Jover Wood Flooring (collectively "Plaintiffs") [Dkt. No. 25], and Joint Response to Plaintiffs' Opposition to Defendants' Motion to Dismiss  filed by Plaintiffs [Dkt. No. 30]. For the reasons set forth below, Defendants' Motion to Dismiss is GRANTED.

### I.       Factual Background

This adversary proceeding stems from a Chapter 7 bankruptcy case voluntarily filed by 19 Media Publications Corporation ("19 Media") on May 16, 2013. Plaintiffs filed suit against 19 Media and three other defendants: C.G. Media Corporation ("C.G. Media"), Cristina Gil de Rubio ("Ms. Gil de Rubio"), and Matias Gil de Rubio ("Dr. Gil de Rubio"). In their complaint, Plaintiffs allege causes of action for piercing the corporate veil, negligence, civil conspiracy, unjust enrichment, breach of fiduciary duties, non-dischargeability of debts, and generally allege fraudulent business practices. These claims stem from Plaintiffs' allegations that Ms. Gil de Rubio embarked upon a course of conduct intended to obtain credit, contract the performance of services and labor, and purchase products by the use of false pretenses, false representations, and fraud. Plaintiffs further allege that Dr. Gil de Rubio knowingly participated in financing, aiding, and abetting the fraudulent scheme under the alleged shield of the corporate entities.

On January 13, 2014, Defendants filed their joint motion to dismiss. Defendants argue that Plaintiffs' complaint fails to meet the pleading requirement evidencing a plausible entitlement to relief. They contend that the allegations in the complaint only include subjective characterizations and only provide for legal conclusions couched as a factual allegation. Defendants further argue that Plaintiffs fail to plead their fraud allegations with particularity pursuant to Fed. R. Civ. P. 9(b). As the complaint contains general accusations on fraudulent acts, Defendants argue that Plaintiffs failed to define the key elements for fraud. Lastly, Defendants believe that pursuant to 11 U.S.C. § 1334(c)(2), the court should mandatorily abstain from hearing this case. Defendants argue that these proceedings are in no way linked to a

substantive right or obligation that owes its existence to the Bankruptcy Code, and thus the court lacks any authority to hear the dispute.

On February 12, 2014, Plaintiffs responded to Defendants' motion to dismiss. In their response, Plaintiffs go through all of their causes of action and identify the appropriate elements. They claim that their complaint's factual allegations do in fact raise a right to relief above the speculative level. In regards to their general fraud allegation, Plaintiffs admit that it is sustained in the various causes of action, though they believe that they have met Fed. R. Civ. P. 9(b)'s heightened pleading standard as evidenced by various paragraphs in their complaint. Finally, Plaintiffs believe that mandatory abstention is inappropriate. They believe that this matter is a core proceeding as the recovery of the subject assets would affect the bankruptcy estate's liquidation of the assets and adjudication of claims. The court disagrees with the Plaintiffs, and for the following reasons finds Defendants' motion to dismiss meritorious.

**II.    Standard of Review**

Fed. R. Bankr. P. 7012(b) applies Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6) to adversary proceedings. Motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6) are subject to the same standard of review. Grillasca-Palou v. U.S. Postal Serv., 573 F. Supp. 2d 493, 494 (D.P.R. 2008). Under Fed. R. Civ. P. 12(b)(6), dismissal is proper for "failure to state a claim only if it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory." Gonzalez-Morales v. Hernandez-Arencibia, 221 F.3d 45, 48 (1st Cir. 2000) (citing Correa–Martinez v. Arrillaga–Belendez, 903 F.2d 49, 52 (1st Cir.1990)). "Under Rule 12(b)(1), dismissal would be proper if the facts alleged reveal a jurisdictional defect not otherwise remediable." Grillasca-Palou, 573 F. Supp. 2d at 494.

Furthermore, the court "accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in plaintiff's favor." Grillasca-Palou, 573 F. Supp. 2d at 495 (citing Correa–Martinez v. Arrillaga–Belendez, 903 F.2d 49, 51 (1st Cir.1990)). However, in an opposition to a Rule 12(b)(6) motion, "a plaintiff cannot expect a trial court to do his homework for him." McCoy v. Massachusetts Institute of Tech., 950 F.2d 13, 22 (1st Cir.1991). The court will not credit "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" in the plaintiff's favor. Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir.1996).

### III.    Legal Analysis

Because we find that a determination of the Court's jurisdiction will frame the adjudication of the issues pending before us, we address the jurisdictional question first and foremost. Bankruptcy proceedings are delineated as "core" or "non-core." Because of the constitutional limits imposed upon bankruptcy courts, this distinction is vital to the exercise of jurisdiction. See 28 U.S.C. § 157. Bankruptcy court jurisdiction exists in cases "under" the Bankruptcy Code, in cases "arising under," "arising in," and "related to" Title 11. See 11 U.S.C. §§ 101 et seq.; see also 28 U.S.C. § 1334(b); see also 28 U.S.C. § 157(a).

"Arising under" proceedings are "those cases in which the cause of action is created by title 11." In re Middlesex Power Equipment & Marine, Inc., 292 F.3d 61, 68 (1st Cir.2002). "'Arising in' proceedings are those that are not based on any right expressly created by title 11, but nevertheless, would have no existence outside of the bankruptcy." Id. "'[R]elated to' proceedings are those which potentially have some effect on the bankruptcy estate, such as altering debtor's rights, liabilities, options, freedom of action, or otherwise have an impact upon the handling and administration of the bankruptcy estate." Id. The former two jurisdictional

"categories are 'core' proceedings, whereas those merely related to the bankruptcy are 'non-core.'" In re Paolo, 619 F.3d 100, 102 n. 2 (1st Cir. 2010).

In a core proceeding, a "final judgment is immediately appealable either to the district court or, with the consent of the parties, to the BAP." In re Sheridan, 362 F.3d 96, 100 (1st Cir. 2004). An appeal of a final core proceeding judgment will be reviewed under a deferential standard, and will only be overruled if clearly erroneous. Id.

If the proceeding is non-core, the bankruptcy court is not empowered to issue final orders without the parties' consent. Id. "Instead, after it has conducted the required proceedings, it must submit its proposed findings of fact and conclusions of law for consideration by the district court." Id. The district court will then conduct a *de novo* review of the bankruptcy court's proposed findings of fact and conclusions of law before entering a final order. Id. However, it should be noted that bankruptcy courts do not have "constitutional authority to enter a final judgment on a state law counterclaim that is not resolved in the process of ruling on a creditor's proof of claim." In re Plaza Resort at Palmas, Inc., 488 B.R. 50, 57 (D.P.R. 2013) reconsideration denied, 494 B.R. 178 (D.P.R. 2013) (citing Stern v. Marshall, 131 S. Ct. 2594, 2596 (2011)).

Given the aforementioned authority, it is clear that the matter before the court is a non-core proceeding. Plaintiffs' compliant is centered on the non-bankruptcy causes of action for piercing the corporate veil, negligence, civil conspiracy, unjust enrichment, breach of fiduciary duties, and fraudulent business practices. The only cause of action that is integral to the bankruptcy process is Plaintiffs' claim for non-dischargeability of debts. However, in their complaint, Plaintiffs' admit that said cause of action is contingent upon Defendants being held personally and severally liable. Thus, before the court could decide on the non-dischargeability

of debts it would have to determine "issues that are related to, but not essential to resolving the bankruptcy." In re Plaza Resort at Palmas, Inc., 488 B.R. at 57. As a result, the matter at hand will be treated as a non-core proceeding.

Because this case is a non-core proceeding, Defendants argue that the court must abstain from hearing the case pursuant to 28 U.S.C. § 1334(c)(2). Section 1334(c) provides for two types of abstentions: mandatory and permissive. Pursuant to Section 1334(c)(2), mandatory abstention provides that:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, "related to" a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated in a State forum of appropriate jurisdiction.

See 28 U.S.C. § 1334(c)(2). "Therefore, in order for mandatory abstention to apply, the proceeding must: 1) be based on a State law claim or cause of action, 2) lack a federal jurisdictional basis absent the bankruptcy, 3) *be commenced in a state forum of appropriate jurisdiction*, 4) be capable of timely adjudication, and 5) be a non-core proceeding." In re Caribbean Petroleum Corp., 443 B.R. 560, 567 (Bankr. D.P.R. 2010) (emphasis added). In order for mandatory abstention to apply, the statutory language makes clear that an action must have been initiated in a state forum with jurisdiction. Id. As the record is devoid of any evidence indicating the presence of a related proceeding initiated in state court, mandatory abstention is inapplicable.

Even though mandatory abstention does not apply, Section 1334(c)(1) permissive abstention may. "In a case that falls into the categories outlined in section 1334(c)(1),

bankruptcy courts have broad discretion to abstain from hearing state law claims whenever appropriate in the interest of justice, or in the interest of comity with [s]tate courts or respect for [s]tate law." In re CH Properties, Inc., 381 B.R. 20, 30 (D.P.R. 2007) (citing Gober v. Terra + Corp., 100 F.3d 1195, 1207 (5th Cir.1996)). The statute delineates three "criteria to determine whether abstention is appropriate: the interests of justice, comity, and respect for state law." In re Middlesex Power Equip. & Marine, Inc., 292 F.3d at 69 (citing In re Pan Am. Corp., 950 F.2d 839, 845 (2d Cir. 1991)). Other factors should also be considered "in the determination of whether permissive abstention is appropriate, including: [1] the extent to which state law issues predominate over bankruptcy issues; [2] the presence of a related proceeding commenced in state court or other nonbankruptcy court; and [3] the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties." Id. (citing Christensen v. Tucson Estates, Inc., 912 F.2d 1162, 1166–67 (9th Cir.1990); In re Chicago, Milwaukee, St. Paul & Pac. R.R. Co., 6 F.3d 1184, 1189 (7th Cir.1993)).

Plaintiffs argue that permissive abstention is inappropriate merely because the court would potentially adjudicate rights under state law. The problem is not the existence of causes of action under state law, it is their predominance over bankruptcy matters. The only cause of action under the Bankruptcy Code is Plaintiffs' claim for non-dischargeability of debts. However, Plaintiffs admit that said cause of action is contingent upon the validity of their state law claims. As all the parties are residents of Puerto Rico, there would be no jurisdictional basis for this suit to remain in federal court if not for the bankruptcy. It appears that Plaintiffs' desire to have the case tried in federal court is motivated, at least in part, by forum shopping. Therefore, in respect for state law, the court will exercise its broad discretion and abstain from hearing the matter at hand.

**IV.    Conclusion**

WHEREFORE, IT IS ORDERED that Motion to Dismiss filed by Defendants shall be, and it hereby is, GRANTED.

In San Juan, Puerto Rico this 29th day of May, 2014.

Brian K. Tester
U.S. Bankruptcy Judge